UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Clifford Steward, individually and on behalf of all
similarly situated persons,

Plaintiff,

-against-

The City of New York, The New York City Board of
Education, Harold O. Levy, individually and in his
official capacity as Chancellor of the New York City
Board of Education, Felix E. Vazquez, individually and
in his official capacity as Community Superintendent of
District 32 of the New York City Board of Education,
Mildred L. Boyce, The United Federation of Teachers,
and Pace University,

Defendants.

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF CITY DEFENDANTS' MOTION TO DISMISS

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for City Defendants*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel: Robert Katz*
*Diana Goell Voigt*
*Eric Eichenholtz*

*Tel:  (212) 788-0885*
*NYCLIS No. 04LE000114*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

Clifford Steward, individually and on behalf of all similarly
situated persons,

                                        Plaintiff,                    04 CV 1508 (CBA) (RML)

                    -against-

The City of New York, The New York City Board of
Education, Harold O. Levy, individually and in his official
capacity as Chancellor of the New York City Board of
Education, Felix E. Vazquez, individually and in his
official capacity as Community Superintendent of District
32 of the New York City Board of Education, Mildred L.
Boyce, The United Federation of Teachers, and Pace
University,

                                        Defendants.

-------------------------------------------------------------------------X

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF CITY DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

## ARGUMENT

## POINT I

## AS A NON-TENURED TEACHER, PLAINTIFF DID NOT HAVE A PROPERTY INTEREST IN HIS EMPLOYMENT WITH THE BOARD OF EDUCATION OR IN HIS EMPLOYMENT BENEFITS

As stated in City defendants' memorandum of law in support of their motion, and as plaintiff immediately concedes in his opposition memorandum, an individual cannot acquire a property interest based on the individual's unilateral need or desire. See Martz v. Valley Stream, 22 F.3d 26, 29-31 (2d Cir. 1994). Rather, the individual must demonstrate a "legitimate claim of entitlement" to the continued benefit, grounded in state law and expressly conferred by a statute,

regulation or contract. Id.; Finley v. Giacobbe, 79 F.3d 1285, 1297 (2d Cir. 1996) (rejecting due process claim where procedures did not expressly provide for review of termination).[1] This "legitimate claim of entitlement" must be "clearly established." Martz, 22 F3d. at 29-31.

## A. New York state law unequivocally provides that plaintiff has no property interest in his employment

Here, not only is there no provision of law that provides for review of plaintiff's termination from employment with the Board of Education (the "Board"), but the law actually states, clearly and unequivocally, that plaintiff does **not** have any sort of property interest in his continued employment. As the Second Circuit has noted, the law of New York State is unequivocal that non-tenured public employees such as plaintiff have no property interest in employment or any right to a pre-termination hearing. See Finley, 97 F.3d at 1297. In the context of the property rights of teachers, this unequivocal mandate means that "only teachers with tenure or *de facto* tenure have a property interest in their employment." See Rogovin v. New York City Board of Education, Docket No. 99 CV 3382 (ERK), 2001 U.S. Dist. LEXIS 11923 at *11.

Plaintiff's arguments that he has a due process right notwithstanding this clear and unequivocal law are wholly without merit. First, plaintiff notes that New York state courts have recognized Board policies and procedures can impose limitations on termination of probationary teachers. However, in all of the cases cited by plaintiff, the Board has expressly provided review procedures or other procedures in connection with the evaluation or termination of probationary

---

[1] For this reason, it is also worth noting that plaintiff's claim that this Court is unable to determine whether plaintiff has a property interest in employment as a matter of law without discovery is wholly without merit. Defendants have identified both statutory and decisional law that expressly states that a non-tenured teacher such as plaintiff does not have a property interest in his employment with the Board and therefore plaintiff's claims fail as a matter of law.

teachers.  See Lehman v. Board of Education, 82 A.D.2d 832 (N.Y. App. Div. 2d Dept. 1981)

(enforcing a regulation of the Chancellor providing procedure for termination); Schwartz v.

Board of Education, 146 A.D.2d 576 (2d Dept. 1989) (enforcing a regulation of the Chancellor

providing for post termination review); Longarzo v. Anker, 78 Misc. 977 (N.Y. Sup. Ct. Kings.

Co. 1977) (enforcing procedures for evaluating teachers).  It is well recognized by state courts

that, even in the event procedural requirements for evaluation and termination of non-tenured

teachers that are adopted by regulation, the basis for those rights are "neither constitutional nor

statutory."  See Schwartz, 146 A.D2d at 546.  Instead, the courts have recognized that even if

restrictions are put in place by regulation, non-tenured teachers still have no constitutional right

to pre-termination review.  See Fraiser v. Board of Education, 71 N.Y.2d 763, 767-768 (N.Y.

1988).

          Nonetheless, plaintiff attempts to argue that, while there is no express provision of

law that would confer a property interest in plaintiff's employment, such a property interest is

implied from the nature of the teaching fellows program, in particular the regulations set forth by

the New York State Department of Education concerning the Transitional B teaching certificate[2]

utilized in the teaching fellows program.  Plaintiff also argues that plaintiff's personal valuation

of the benefits conferred upon him by the teaching fellows program somehow confers a property

right.  As discussed above and in defendants' memorandum of law in support of their motion to

dismiss, absent some express provision of law or contract that conveys a property interest of

continued employment, plaintiff cannot claim that he has a property right in continued

_____

[2] Plaintiff apparently does not dispute, as set forth in detail in City defendants' memorandum
of law in support of their motion, that he does not have a property interest in his Transitional B
teaching certificate.

3

employment. Because no such express provision exists, plaintiff advances several untenable arguments that, boiled down to their essence, are plaintiff's attempt to create an implied property right from his own, subjective, unilateral interpretations of the regulations and purpose of the teaching fellows program.

**B.      To grant the property interest plaintiff alleges that he possesses in his employment would violate the New York state constitution and applicable public policy**

Plaintiff alleges that the statutory scheme set forth in the Education Law that provides that teachers must possess appropriate credentials, be appointed by the Board and successfully serve a probationary period before achieving tenure (and, by extension, a property interest in employment) is "simply neutral" in this case. See Plaintiff's Memorandum at p. 9. Plaintiff's cursory analysis ignores the history and purpose for probationary employment and the reason that only tenured employees enjoy a property interest in their employment. Indeed, the very legal and public policy foundations for the concept of probationary employment further illustrate why plaintiff's claim of a property interest in continued employment as a teaching fellow is erroneous.

Article V, Section 6 of the New York State Constitution (the "merit and fitness clause") requires that appointments of public employees be determined by merit and fitness and have demonstrated "proven competence" for public employment. See N.Y. Const., Art. V, Sec. 6; see also Boyle v. Koch, 114 A.D.2d 78, 82 (N.Y. App. Div. 1st Dept. 1996), lv. den. 68 N.Y.2d 601 (N.Y. 1986). Part of this measure of competence is ensured by requiring appropriate credentials prior to appointment and by having on-the-job performance evaluated in a post-appointment probationary period prior to granting tenure. Id. at 81. Tenured teachers are the *only* teachers who are appropriately licensed and have demonstrated the adequate merit and fitness for the job of teacher under the scheme created by New York State law for testing merit

4

and fitness. Thus, only tenured teachers enjoy the property rights in continued employment that come with achieving tenure.

Teaching fellows have not served a probationary period and do not even possess the necessary credentials to be appointed as probationary teachers. Yet, incredibly, plaintiff argues that these provisional employees should be given the same property interests in continued employment as a *tenured* teacher. See Plaintiff's Memorandum in Opposition at p. 20 ("Indeed, defendants regularly provide [the pre-termination hearing sought by plaintiff] in the case of tenured teachers."). Plaintiff's argument is not only without support in any law, regulation or practice of the State of New York, but also flies in the face of the fact that such property interests are specifically reserved for employees who have fully demonstrated their merit and fitness for the position in which they serve. Indeed, in Boyle, the New York State Appellate Division specifically cautioned that granting the rights of tenure to employees who have not demonstrated their merit and fitness by satisfying the necessary prerequisites to tenure would "set a dangerous precedent." Id. at 82.

Plaintiff simply cannot argue that the merit and fitness clause and its underlying policy would permit an unlicensed, unproven teacher to be given the same property interest in his or her employment as a tenured teacher. If plaintiff's argument were valid, the applicable rules and regulations concerning the teaching fellows program would circumvent the statutory scheme for appointment of teachers set forth in state law. Therefore, the rules and regulations concerning the teaching fellows program would violate the merit and fitness clause, rendering them invalid. See New York State Assoc. v. Carey, 456 F.Supp. 85, 92 (E.D.N.Y. 1978) ("No law which purports to circumvent or avoid the requirements of civil service appointments is valid.") Accordingly, plaintiff's argument that he has obtained a property interest in his

5

employment without first obtaining necessary certification, being appointed and completing a probationary period simply does not comport with New York State law and public policy.

**C.    The New York State Department of Education regulations do not support plaintiff's claim of a property interest in continued employment**

Despite the fact that the clear constitutional and statutory law underlying public employment does not support plaintiff's claim of a property interest in his continued employment, plaintiff argues that regulations issued by the New York State Education Department concerning the Transitional B certificate somehow implicitly convey such an interest. Even if one were to ignore the clear and unambiguous state law to the contrary, plaintiff's argument is still without merit. As set forth in defendants' memorandum of law in support of their motion, and unrefuted by plaintiff in his opposition, the regulations cited by plaintiff do not explicitly confer any rights on plaintiff, nor do they guarantee plaintiff employment, nor do they require the Board to provide any services to plaintiff. Plaintiff excerpts several portions of this regulation, 8 NYCRR 80-5.13, out of context and concludes that the Board was required to employ petitioner for three years. It is evident, however, that plaintiff's claim that this regulation conveys a property interest in continuing in the teaching fellows program is based solely on his own personal interpretation of the regulation and is certainly not based on any express provision of the regulation that would grant him such an interest. Indeed, adopting plaintiff's reading and interpretation of the regulation would require that one ignore several critical provisions of the regulation.

Perhaps most importantly, there is absolutely no provision in these regulations that can be construed as creating a property interest in continued participation in the teaching fellows program. Indeed, 8 NYCRR 80-5.13 provides the express condition that the Transitional B certificate will become invalid if the candidate fails to maintain "good standing" in the teacher

certification program.  See 8 NYCRR-5.13(1)(ii).[3]  Therefore, it is clear that by its own terms the regulation cited by plaintiff does not mandate that the Board employ the candidate.  Instead, the regulation expressly conditions that a teacher must remain in good standing throughout the duration of the program.  With such a condition contained in the regulation, plaintiff simply cannot claim that he has been granted anything but a unilateral hope of successfully competing his Teaching Fellows assignment provided he maintained good standing.  Plaintiff's hope that he would remain in good standing and thus would fulfill the three year duration of employment with the Board is insufficient to create a property interest in his employment.  See Kelly Kare, Ltd. v. O'Rourke, 930 F.3d 170, 175 (2d Cir. 1991) ("Nor is the 'unilateral expectation' of continued receipt of the benefit sufficient to establish a property interest.")[4]

Moreover, in order to support plaintiff's misreading of the regulation, plaintiff omits perhaps the most crucial portion of the section he cites, which reads, "***The candidate*** shall meet the requirements…" set forth in the regulation.  See 8 NYCRR 80-5.13(a)(2).  Thus, the plain wording of the regulation imposes requirements on the candidate, not on the employer.  Specifically, the regulation cited by plaintiff requires the candidate enroll in a school or district

---

[3] Tellingly, the regulation also does **not** contemplate any sort of hearing or process prior to determining whether a candidate is no longer in good standing.  Rather, the regulation clearly provides that if a candidate no longer maintains good standing in his or her program, he or she will cease teaching, which is exactly what occurred in this case.

[4] Plaintiff also appears to erroneously allege, without any legal support, that he possesses an independent "property interest" in the procedural manner in which the Board executed contracts and provided for mentoring.  Where, as here, there is no property interest in the underlying employment, it follows that there is no property interest in the procedural aspects of that employment, including the mentoring contracts the Board enters into or the Board's mentoring procedures.  See Jannsen v. Condo, 101 F.3d 14 (2d Cir. 1996); McNemeny v. City of Rochester, 241 F.3d 279 (2d Cir. 2001).

that is willing to employ him or her in a suitable program. Nothing in the regulation grants plaintiff continued, uninterrupted employment.

**D.    Plaintiff's job benefits do not create a property interest in his continued employment**

Finally, plaintiff argues that what he characterizes as the high value of the job benefits granted to teaching fellows, particularly the training that will culminate in a master's degree, creates a property interest in his continued employment in the teaching fellows program. Plaintiff's claim is wholly without merit and, again, ignores the clear and unambiguous state law that provides that plaintiff does not have a property interest in employment. It is well-settled that a "property interest does not exist solely because of the importance of the benefit to the recipient. See Kelly Kare, 930 F.2d at 175. In this case, while plaintiff alleges he received a valuable benefit in the context of his employment, the value of his employment benefits cannot confer a property interest in his employment with the Board. Indeed, provisional and probationary employment often confers many valuable compensation and benefits, including a salary, training, medical and other benefits, but the employee does not gain any independent rights in these benefits, which are conditioned on continued employment. Once the employment terminates, all benefits and compensation that were provided with the employment also terminate.

The cases cited by plaintiff concerning property interests in enrollment and scholarships at colleges and universities are therefore not applicable to the case at bar. Plaintiff was being provided, as part of his job compensation, training that would culminate in a masters degree. This training was a job benefit provided to plaintiff (see Complaint ¶13) and therefore was part of his provisional employment with the Board. Plaintiff was terminated from his job, not expelled from Pace, foreclosed from obtaining college scholarships or precluded in some

way from obtaining a degree he had fully earned. Simply put, having been terminated from his job, plaintiff cannot claim a continuing entitlement to his job benefits and compensation.

Thus it is clear that plaintiff, a non-tenured teacher, did not have a property interest in his continued employment with the Board and the creation of such an interest would be contrary to New York state law and policy. Moreover, plaintiff's claims that his job benefits somehow conferred a property interest in his employment is without merit, as such benefits, although valuable to plaintiff, cannot create a property interest where none exists and where such an interest is expressly prohibited by public policy.

## POINT II

### PLAINITFF'S HAS NOT PROVIDED ANY EXPLAINATION OF HOW HE WAS DEPRIVED OF A PROPERTY INTEREST BY ANY POLICY OR POLICIES OF THE BOARD

In plaintiff's complaint, plaintiff appears to allege both that he was deprived of due process by random acts of his supervisors and based upon the lack of due process provided by Board policies or procedures. In his opposition memo, plaintiff now clarifies his allegations by explaining that he did not intend to allege that his supervisors acted in a random fashion to deprive him due process. See Plaintiff's Memorandum at p. 20. However, other than a brief footnote devoid of legal argument, plaintiff's opposition *ignores* the fact, discussed in Point II(b) of defendants' memorandum of law, that plaintiff was not denied a forum for protecting his alleged property interest. Plaintiff admits in the complaint that he was provided with the opportunity to contest his termination through the grievance process pursuant to the collective bargaining agreement with his union that would have culminated in arbitration before a neutral arbitrator, but abandoned this grievance process. As defendants also noted, this type of grievance procedure has been found to provide adequate to protect property interests. See

Narumanchi v. Board of Trustees, 850 F.2d 70, 72 (2d Cir. 1988) (grievance procedure was an adequate due process remedy to contest two week suspension).

When given an opportunity to explain how his due process claims against the City defendants can proceed following his abandonment of a due process remedy, plaintiff can only offer this Court a footnote saying that the remedy was inadequate because it could not provide plaintiff with reinstatement. While plaintiff's union apparently agreed with the Board that plaintiff had no legal or contractual right to reinstatement, there was no Board policy that precluded plaintiff from arguing to the contrary to a neutral arbitrator. Indeed, the Chancellor's Representative clearly and conspicuously noted in the decision denying plaintiff's Step III grievance that plaintiff was seeking reinstatement. See Eichenholtz Decl., Exhibit B. Accordingly, it is clear that the Board provided plaintiff with adequate due process and did not prevent plaintiff from arguing in favor of the relief he sought. In the absence of any Board policy or policies that precluded plaintiff from obtaining due process, plaintiff's due process claims must fail.

## CONCLUSION

For the reasons set forth above and in City defendants' memorandum of law in support of their motion to dismiss, City defendants respectfully request that the complaint be dismissed with costs, disbursements, and such other and further relief as this Court deems just and proper.

Dated:     New York, New York
           January 21, 2005

                    MICHAEL A. CARDOZO
                    Corporation Counsel of the City of New York
                    Attorney for City Defendants
                    100 Church Street, Room 2-300
                    New York, New York 10007
                    (212) 788-0885

By:                    _____
                    Eric Eichenholtz (EE3286)
                    Assistant Corporation Counsel

Robert Katz,
Diana Goell Voigt,
Eric Eichenholtz
Of Counsel.