UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------- X
CLIFFORD STEWARD, Individually and on Behalf of
All Similarly Situated Persons,

                REPORT AND
                RECOMMENDATION
         Plaintiff,        04 CV 1508 (CBA)(RML)

   -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
BOARD OF EDUCATION, HAROLD O. LEVY,
Individually and in his official capacity as Chancellor of the
New York City Board of Education,, FELIX E. VAZQUEZ,
Individually and in his official capacity as Community
Superintendent of District 32 of the New York City Board
of Education, MILDRED L. BOYCE, THE UNITED
FEDERATION OF TEACHERS, and PACE UNIVERSITY,

         Defendants.
---------------------------------------------------------------------------- X

LEVY, United States Magistrate Judge:

        Plaintiff Clifford Steward died on January 30, 2007. By Order to Show Cause dated May 7, 2007, the Honorable Carol Bagley Amon, United States District Judge, ordered plaintiff's counsel to inform the court whether he intended to file a motion for substitution of the plaintiff, and if so, why no motion for substitution was made within the prescribed ninety day period under Rule 25(a) of the Federal Rules of Civil Procedure. On May 23, 2007, plaintiff's counsel moved for an extension of time under Fed. R. Civ. P. 6(b), and defendants opposed that request. On June 6, 2007, Judge Amon referred this matter to me for a Report and Recommendation. For the reasons stated below, I respectfully recommend that plaintiff's counsel's motion for an extension of time be denied and that this case be dismissed without prejudice.

**BACKGROUND AND FACTS**

Plaintiff Clifford Steward ("plaintiff" or "Steward"), a former New York City teaching fellow, commenced this purported class action in April 2004, alleging that the City of New York, the New York City Board of Education (the "Board"), former Chancellor Harold Levy, (collectively the "City defendants"), along with former Superintendent Felix Vazquez and former Board employee Mildred Boycee, terminated plaintiff's employment in violation of his due process rights. (Complaint, dated April 12, 2004 ("Compl."), at 4.) In addition to his due process claims, plaintiff asserted a claim that his union, the United Federation of Teachers ("UFT"), breached its duty of fair representation. He also asserted various state law tort and contract claims against the City defendants, the UFT, and Pace University. (See id. at 5.) The complaint seeks monetary damages, a declaratory judgment, injunctive relief, and attorney's fees.

Steward died on January 30, 2007, and on February 1, 2007 the City defendants filed a suggestion of death upon the record, which was served on all parties electronically through the court's ECF system. Approximately one month later, on March 7, 2007, the City defendants moved for summary judgment. Judge Amon referred that motion to me on March 29, 2007, and I heard oral argument on April 20, 2007. That motion remains *sub judice*.

At the oral argument on April 20, 2007, plaintiff's counsel indicated that Steward's daughter wished to pursue the action by "substituting in for him as an administrator." (See Transcript of Oral Argument, dated Apr. 20, 2007 ("Tr."), at 2.) At no point did counsel indicate that there was difficulty appointing an administrator or that he needed additional time to file a motion for substitution.

Fed. R. Civ. P. 25(a) states that, upon a party's death, the deceased party's

successors or representatives must file a motion for substitution no more than ninety days after the death is suggested on the record in order to avoid dismissal. Plaintiff's counsel failed to file a motion for substitution within ninety days and, on May 7, 2007, the court issued an Order to Show Cause. Plaintiff's counsel was ordered to inform the court whether he intended to file a motion for substitution of the plaintiff and, if so, why no such motion was made within the prescribed ninety day period. In addition, plaintiff's counsel was ordered to inform the court who would be substituted for the plaintiff, which, if any, of the plaintiff's claims would survive his death, and whether the case might proceed as a class action.

On May 23, 2007, in response to the Order to Show Cause, plaintiff's counsel moved, pursuant to Fed. R. Civ. P. 6(b),[1] to extend the time for plaintiff's successors to file a motion for substitution under Rule 25(a). (See Letter of Michael G. O'Neill, Esq., dated May 23, 2007 ("O'Neill Ltr.")). Plaintiff's counsel explained that no motion for substitution had been made because there was, at the time, "no administratix or other appropriate person to substitute in." (Id. at 1.) In defense to his failure to file a timely motion, plaintiff's counsel argued that it was unclear whether the ninety days had yet began to run because, according to his reading of Rule 25(a), a suggestion of death should have been served on the plaintiff's successors. (Id. at 1-2.) He then requested that the court extend the time to substitute until thirty days after the City defendants' motion for summary judgment is fully determined. (Id. at 2.) Lastly, plaintiff's counsel stated that all of plaintiff's claims survived his death, and that he did not believe plaintiff's daughter would continue the action as a class action. (Id.)

---

[1] Although plaintiff's counsel filed the motion pursuant to Rule 6(b), the rule contains two subsets. Plaintiff should have filed the motion pursuant to Rule 6(b)(2), which specifically pertains to motions where the specified time period has already expired. For purposes of this Report and Recommendation, plaintiff's motion will be referred to as a Rule 6(b)(2) motion.

Shortly thereafter, the City defendants filed an opposition to plaintiff's application for an extension on the grounds that: (1) the suggestion of death was valid, and (2) plaintiff's counsel could not show excusable neglect for failing to request an extension in a timely fashion. (Letter of Eric Eichenholtz, Esq., dated May 29, 2007 ("Eichenholtz Ltr."), at 1.) Furthermore, the City defendants argued that plaintiff's request to extend the deadline was unreasonable and, should the court grant it, "a more reasonable extension would be warranted." (Id.)

## DISCUSSION

A. Substitution of Parties

Fed. R. Civ. P. 25(a)(1) provides:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Rule 25(a)(1) thus makes clear that, after a party's death is suggested on the record, a motion for substitution must be made within ninety days or the court will be compelled to dismiss the action with respect to that party.

The City defendants suggested Steward's death upon the record on February 1, 2007. According to Rule 25(a)(1), that commenced the running of the ninety-day period. However, plaintiff's counsel argues that the the ninety days has not yet begun to run because the

suggestion of death was invalid. He argues that the suggestion of death is invalid unless: (1) it identifies the successors or heirs to be substituted, and (2) it is served on those successors or heirs. (O'Neill Ltr. at 2.)

Counsel's first argument -- that a suggestion of death is invalid unless it identifies the successors or heirs of the deceased party -- has been rejected by the Second Circuit and is thus without merit. See Unicorn Tales, Inc. v. Banjee, 138 F.3d 467, 470 (2d Cir. 1998) (holding that Rule 25 "does not require that [a suggestion of death] identify the successor or legal representative."). See also Swiggett v. Coombe, No. 95 Civ. 4916, 2003 WL 174311, at *2 (S.D.N.Y. Jan. 27, 2003) ("the language of Rule 25(a)(1) . . . merely requires a 'statement of the fact of death' and does not impose any additional requirement that a successor or representative be identified."); Jones Inlet Marina, Inc. v. Inglima, 204 F.R.D. 238, 239 (E.D.N.Y. 2001) ("A suggestion of death must be served upon all involved parties, but does not need to identify the representative of the estate or the successor of the decedent" and "does not need to be filed by the formal or appointed representative of the estate.").

Plaintiff's counsel's second argument -- that defendants were obligated to serve the suggestion of death on plaintiff's successors -- involves more discussion. Rule 25 requires that the suggestion of death be served "as provided herein for the service of the [substitution] motion . . . ." Fed. R. Civ. P. 25(a)(1). In turn, for service of the substitution motion, the rule requires that all parties be served in accordance with Rule 5, and all non-parties be served in accordance with Rule 4. Therefore, the City defendants were required to serve the suggestion of death on any other defendants and on plaintiff's counsel as stipulated in Rule 5, and on any non-parties as stipulated in Rule 4.

Rule 5(b)(2)(D) provides that service can be made by "[d]elivering a copy by any other means, including electronic means . . . ." Fed. R. Civ. P. 5(b)(2)(D). The City defendants served the suggestion of death on all parties electronically through the court's ECF system (see Eichenholtz Ltr. at 2), and counsel does not challenge that method of service. Accordingly, there is no question that all parties were properly served. Rather, plaintiff's counsel takes issue with the fact that plaintiff's successors were not served because, according to counsel, "[t]he 'persons not parties' [referenced in Rule 25] can only refer to the successors of the deceased party." (O'Neill Ltr. at 2.) Counsel thus argues that the suggestion of death is invalid because defendants failed to serve the successors in accordance with Rule 4.

There is no language in Rule 25 suggesting that "non-parties" means "successors" or that the reference to non-parties is meant to require service on a decedent's successors or heirs. If the rule intended for "non-parties" to mean "successors," then it would have said so explicitly. Counsel argues that "[t]he purpose of the suggestion of death is to require an appropriate person to assume the role of the deceased party." (O'Neill Ltr. at 2.) This is incorrect. The purpose of Rule 25 is "to prevent a situation in which a case is dismissed because a party never learned of the death of an opposing party" (see Unicorn Tales Inc., 138 F.3d at 469-70), rather than to inform successors that a decedent is deceased. See Kernisant v. City of New York, 225 F.R.D. 422, 425 (E.D.N.Y. 2005) (finding a suggestion of death valid where it was served only on the parties to the litigation and counsel to the deceased party, and not on the successor.) As the City defendants point out, the reference to non-parties in Rule 25 clearly is intended to address the situation where a party wishes to substitute a non-party as successor for his or her adversary. See, e.g., Gatto v. City of New York, 01-CV-5838 (CBA)(JMA), slip op. at 5-6 (where director of DEP police was sued in both his official and individual capacities, and the City served

plaintiff with a suggestion of death on the record, plaintiff was required to move for substitution of the deceased defendant within ninety days).[2]

Plaintiff's counsel cites Gronowicz v. Leonard, 109 F.R.D. 624 (S.D.N.Y. 1986), for the proposition that the suggestion of death must be served on the deceased party's successors. Gronowicz held that the suggestion of death must identify the representative or successor who may be substituted as a party, and that it must be served and filed pursuant to Rule 5. Id. at 627. However, as discussed above, the Second Circuit rejected the first part of this holding in Unicorn Tales, Inc., 138 F.3d at 470. The second part of the Gronowicz holding -- that the suggestion of death must be served and filed pursuant to Rule 5 -- is contingent on the first part. If the Second Circuit no longer requires a successor to be identified, then it stands to reason that it no longer requires that successor to be served in a particular manner. Therefore, Gronowicz is inapposite.

For all of the above reasons, the ninety-day period to move for substitution began on February 1, 2007, when the City defendants served the suggestion of death on the record, and ended on May 2, 2007.

---

[2] Indeed, it would make no sense to burden defendants with the obligation of identifying and serving a deceased plaintiff's heirs, especially where, as here, the plaintiff died intestate. See Chobot v. Powers, 169 F.R.D. 263, 267 (W.D.N.Y. 1996) ("In the instant case, the statement of death was filed by Defendants, and the court finds that Defendants, as the surviving party, were not required to identify the representative of Chobot's estate in the statement of death, as such a requirement would be unduly burdensome."); Yonofsky v. Wernick, 362 F. Supp. 1005, 1011 -12 (S.D.N.Y. 1973) (where the defendant suggests the death of the plaintiff, the defendant cannot be required to serve the plaintiff's successors because "[u]nder these circumstances it would be difficult for defendant to know whom else to serve beside plaintiff's former counsel.").

B. Excusable Neglect

Plaintiff requests that the court extend the time to substitute parties under Rule 25(a)(1). (See O'Neill Ltr. at 2.) Rule 6(b)(2) provides, in pertinent part:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . .

Therefore, the court may only grant an extension under Rule 6(b)(2) where the party who failed to make a timely motion demonstrates excusable neglect. If the Rule 6(b)(2) motion is not granted, the "action must be dismissed for failure to comply with the ninety-day limitation of Rule 25(a)(1)." Yonofsky v. Wernick, 362 F. Supp. 1005, 1012 (S.D.N.Y. 1975).

To demonstrate excusable neglect, the moving party has the burden of showing (1) a reasonable basis for noncompliance within the time specified, and (2) good faith. See In re Painwebber Ltd. Partnerships Litig., 147 F.3d 132, 135 (2d Cir. 1998); LoSacco v. City of Middletown, 71 F.3d 88, 93 (2d Cir. 1995); Yonofsky v. Wernick, 362 F. Supp. at 1012. See also Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd., 507 U.S. 380, 395 (1993) (explaining that the inquiry into what constitutes "excusable neglect" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission,' including prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith."). As the Supreme Court explained in Pioneer, excusable neglect under Rule 6(b) "is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Id. at 391-92.

In general, inadvertence, ignorance of the rules, or mistakes construing the rules

are not sufficient to constitute excusable neglect. See In re Johns-Manville Corp., 476 F.3d 118, 124 (2d Cir. 2007) ("absent extraordinary circumstances, attorney inadvertence is not excusable neglect."); see also Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248, 250 (2d Cir. 1997) (holding that failure to follow the clear dictates of a court rule, whose language is neither ambiguous nor subject to multiple interpretations, will generally not constitute excusable neglect); United States v. Hooper, 43 F.3d 26, 28-29 (2d Cir. 1994) (per curiam) (affirming denial of Rule 4(b) extension where delay resulted from legal assistant's ignorance of the rules). Furthermore, if a party fails to demonstrate excusable neglect, its motion will not be granted merely because the other party has made no complaint of bad faith or that it would be prejudiced by the delay. See Lastra v. Weil, Gotshal & Manges LLP, No. 03 Civ. 8756, 2005 WL 551996, at *4 (S.D.N.Y. Mar. 8, 2005).

In the instant case, plaintiff's counsel offers no explanation for his failure to seek an extension of time within the ninety-day period.[3] The language of Rule 25(a)(1) is neither ambiguous nor susceptible to multiple interpretations, and more importantly, plaintiff's counsel makes no claim that he misunderstood the rule.[4] While counsel mentions that there are

---

[3] A deceased's attorney is not authorized to file a motion for substitution under Rule 25 unless that attorney has been hired by the administrator of the deceased's estate. However, the deceased's attorney clearly has standing to file a motion for extension of time under Rule 6 when an administrator for the deceased's estate has not been named within ninety days of service of the suggestion of death. Kernisant, 225 F.R.D. at 427, 429.

[4] Although plaintiff's counsel states that he believes it is "unclear" whether the ninety-day period has begun to run, based on his belief that the suggestion of death should have been served on plaintiff's successors, he does not contend that he failed to move for an extention in a timely manner as a result of his interpretation of the rule. (See O'Neill Ltr.) Indeed, until the court issued an Order to Show Cause, Mr. O'Neill never took issue with the service of the suggestion of death. Nor does he deny that plaintiff's heirs have actual notice of plaintiff's death and of this litigation.

complicating factors regarding the deceased plaintiff's estate (see O'Neill Ltr. at 1)[5], he does not suggest that those difficulties excuse his failure to file for an extension within the ninety-day deadline.[6]

As explained, plaintiff's counsel appeared before the court for oral argument on April 20, 2007. At that time, with less than two weeks before the expiration of the ninety-day deadline, plaintiff's counsel made no mention of any difficulty with the plaintiff's estate and gave no indication that an extension of time might be necessary. (See Eichenholtz Ltr. at 5.) Instead, he informed the court that he would have a client to proceed with the case, and he did not correct the City defendants' statement that plaintiff would be "substituting in the estate." (See Tr. at 2.) All of these facts support the City defendants' argument that plaintiff's counsel had notice of the need to file a timely motion for substitution, and inexplicably failed to do so. (See Eichenholtz Ltr. at 5.) As such, counsel has failed to show a reasonable basis for noncompliance within the time specified.

Last, it should be noted that plaintiff requests that the deadline to file a motion for substitution be extended until thirty days after the City defendants' motion for summary

---

[5] Counsel states that plaintiff died intestate and no administrator has yet been appointed to his estate. Although one of his children has agreed to act as administrator for the estate, an estranged adult child lives abroad, and another heir is a minor, whose mother apparently has a difficult relationship with plaintiff's adult children. Counsel explains that, "[g]iven these complexities," he expects "that it will take some time to have letters of administration issued by the surrogate's court." (O'Neill Ltr. at 1.) Although counsel does not argue that these difficulties prevented him from requesting an extension prior to expiration of the ninety-day period, it should be noted that difficulty in appointing an administrator only warrants an extension of time under Rule 6(b)(2) "where there was also a prompt application for such an appointment." See Yonofsky, 362 F. Supp at 1014.

[6] Pursuant to Rule 6(b)(1), if a party moves for an extension of time *before* the expiration of the original deadline, the court may grant such an extension without a showing of excusable neglect.

judgment is decided. (See O'Neill Ltr. at 2.) Granting such a request would involve expending judicial resources to decide a motion for an action with no plaintiff. While plaintiff's counsel has indicated that he intends to proceed with a client at some point, until a motion for substitution has been made the court has no guarantee. Such a "wait and see approach" would be inappropriate under the circumstances.

In light of the foregoing, I respectfully recommend that counsel's motion to extend the time to substitute parties be denied. Although this result may be perceived as penalizing plaintiff's estate for his counsel's mistake, it is axiomatic that "clients must be held accountable for the acts and omissions of their attorneys." Pioneer Inv. Servs. Co., 507 U.S. at 396 (1993).

## CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiff's Rule 6(b)(2) motion to extend the time for plaintiff's successors to file a motion for substitution under Rule 25(a)(1) be denied, and that this case be dismissed without prejudice. Any objections to this Report and Recommendation must be filed with the Clerk of Court, with courtesy copies to

Judge Amon and the undersigned, within ten (10) business days.  Failure to file objections within the specified time waives the right to appeal the district court's order.  <u>See</u> 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
August  20, 2007